### Charles E. Coombes v. C. W. Bradford.

Decided October 15, 1910.

**Trespass to Try Title—Disclaimer—Damages—Jurisdiction.**

A claim for rent and for damages to the premises in an action of trespass to try title is a part of plaintiff's cause of action, and the fact that the defendant disclaims as to the land would not deprive the court of jurisdiction to try and determine the issues as to the rent and damages even though the value of the same was less than $500.

Appeal from the District Court of Knox County. Tried below before Hon. Jo A. P. Dickson.

*Coombes & Coombes* and *Woodruff & Woodruff,* for appellant.—The court erred in sustaining defendant's exception to the jurisdiction of the court. Sayles' Rev. Stats., 1897, art. 5273; Galbraith v. Howard, 32 S. W., 808; Kay v. Hathaway, 51 S. W., 663; Durst v. Mann, 35 S. W., 949; Biencourt v. Parker, 27 Texas, 558; Ammons v. Dwyer, 78 Texas, 639; Armstrong v. Oppenheimer, 84 Texas, 365; Andrews v. Parker, 48 Texas, 94; Thurber v. Conners, 57 Texas, 96; Hillman v. Baumbach, 21 Texas, 203.

*Jas. A. Stephens,* for appellee.

DUNKLIN, Associate Justice.—This suit was instituted in the District Court of Knox County on March 1, 1909, by Charles E. Coombes against C. W. Bradford in the form of trespass to try title to recover two hundred and fifty-three and one-half acres of land, and also for the value of the use of the land during the time it was alleged defendant had wrongfully withheld it.

Defendant filed a disclaimer of title to the land but claimed the right to occupy and use it under and by virtue of a lease from S. T. Cooper, plaintiff's vendor, which defendant alleged antedated plaintiff's purchase and did not expire until September 1, 1909, and of which plaintiff had notice at the time of his purchase. Defendant further alleged that he had placed on the land certain improvements under an agreement with Cooper that he might remove the same at the expiration of his lease, and he prayed for judgment for the use and possession of the land until the expiration of the lease and for title and possession of said improvements.

On September 13, 1909, plaintiff filed an amended petition in which it was alleged that after the institution of the suit and after defendant filed his answer defendant had wrongfully removed from the land certain fences of the value of one hundred dollars, and plaintiff prayed for judgment for the value of the fences so removed as well as for title to the land, and for one hundred dollars as the rental value thereof during the time defendant had used it. On September 14, 1909, the defendant filed an exception challenging the jurisdiction of the court to hear and determine plaintiff's claim for improvements and rents inasmuch as the aggregate of the amount so claimed was less than five hundred dollars, and inasmuch as the defendant had theretofore disclaimed title. The court rendered judgment awarding plaintiff title to and possession of the land, but at the same time sustained defendant's plea to the jurisdiction of the court to adjudicate plaintiff's claim for damages, and from the judgment sustaining that plea plaintiff has appealed.

It is well settled that in a suit in trespass to try title the plaintiff may sue not only for the title but for damages. Sayles' Civil Statutes, articles 5250, 5273. The damages claimed by plaintiff were part and parcel of his cause of action, and the disclaimer of title filed by defendant clearly did not have the effect to divest the court of jurisdiction to try and determine that issue.

For the error in dismissing that claim the judgment of the trial court is reversed and the cause remanded for another trial.

*Reversed and remanded.*